WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
ANTHONY J WEIBELL, SBN 238850
aweibell@wsgr.com
KELLY M. KNOLL, State Bar No. 305579
kknoll@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 493-6811

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
AARON D. HENDELMAN, SBN 206668
ahendelman@wsgr.com
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile: (206) 883-2699

Attorneys for Defendant
TEESPRING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DIANE BLACKMAN, et al., | CASE NO.: 3:19-cv-01494-TSH |
| Plaintiffs, | **TEESPRING, INC.'S NOTICE OF RENEWED MOTION AND RENEWED MOTION TO SEVER** |
| v. | |
| TEESPRING, INC., et al., | Judge: Hon. Thomas S. Hixson |
| Defendants. | Hearing Date: June 20, 2019
Time: 10:00 a.m. |

**NOTICE OF RENEWED MOTION AND RENEWED MOTION TO SEVER**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 20, 2019 at 10:00 AM, or as soon thereafter as this matter can be heard before the Honorable Thomas S. Hixson of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom A - 15th Floor, Defendant Teespring, Inc. ("Teespring") will and hereby does renew its motion for an order severing all plaintiffs except Plaintiff Diane Blackman for misjoinder.[1] The renewed motion is based upon this Notice; the accompanying Memorandum of Points and Authorities in support thereof; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters properly before the Court.

**STATEMENT OF REQUESTED RELIEF**

Pursuant to Federal Rule of Civil Procedure 21, Teespring requests that the Court sever all but the first-named plaintiff (Diane Blackman) from this action.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether all but the first-named plaintiff should be severed from this action for improper joinder because the Complaint joins the claims of twenty-eight separate plaintiffs who have no connection to the same transaction or occurrence.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Teespring, Inc. ("Teespring") renews its motion to sever all but the first-named plaintiff (Diane Blackman) from this action for improper joinder because none of

---

[1] While the Complaint should also be dismissed under Rule 12(b)(6) for failure to state a claim, in the interests of judicial efficiency—the avoidance of explaining pleading defects for more than 5,000 asserted infringements for 28 individual plaintiffs—this motion is limited to the issue of severance. Should further motion practice become necessary, Defendant reserves the right to file a motion under Rule 12(b)(6) on the grounds that Plaintiffs' claims are barred by 17 U.S.C. §§ 102, 103, 411(a), 412, 512(c); by the Teespring Terms of Service; and by the Supreme Court's recent decision in *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019), which held that a copyright owner may not file an infringement suit until the copyright at issue has been registered, among other grounds that may apply to individual plaintiffs in this action.

Plaintiffs' claims has any connection in this action other than the fact that all Plaintiffs allege copyright infringement (in separate transactions) by Teespring. Teespring previously made this motion prior to transfer of this action from the Central District of California to this Court, but the motion was denied without prejudice in light of that court's decision to grant Teespring's Rule 12(b)(3) motion to transfer for improper venue. Teespring therefore renews its motion with this Court.

## II. BACKGROUND

### A. The Teespring Service

Teespring provides an online service at www.teespring.com where creators can upload their designs and offer them to be printed on tee-shirts and similar apparel for purchase by themselves or other users. Teespring prohibits copyright infringement on its service and requires creators to "represent and warrant that [they] own or are the licensee[s] of all trademark rights, copyrights, rights of publicity and other intellectual property or other proprietary rights necessary to create and conduct [a] campaign." *See* Teespring Terms of Service, available at https://teespring.com/policies/terms. Teespring also responds expeditiously to notices of claimed infringement submitted under the Digital Millennium Copyright Act (17 U.S.C. § 512(c)) and terminates the accounts of repeat infringers in appropriate circumstances. Teespring is headquartered in San Francisco, California. Compl. ¶ 33.

### B. The Twenty-Eight Plaintiffs

Plaintiffs are twenty-seven individuals and one corporation who allege to own various copyrights individually. While Plaintiffs allege they own "over 1,000" copyrighted works, Compl. ¶ 36, they do not attach a single copyright registration certificate (or registration or application number) to their Complaint for any of the alleged copyrights asserted in this action. None of the asserted copyrights is owned jointly by any two or more plaintiffs, and none of the twenty-eight plaintiffs has any other alleged connection with any other plaintiff in this action except for the fact that each one is suing Teespring.

Only ten of the twenty-eight plaintiffs reside in the United States. Compl. ¶¶ 5-32. The other eighteen of the twenty-eight plaintiffs are residents of various foreign nations from around

the world. *Id.* It is unclear whether any of the asserted copyrighted works were first published in the United States or a foreign country, or whether any work belonging to a foreign citizen was authored at a time when the author of the work was residing in the United States (as required for a determination regarding applicable law).

Plaintiffs allege that their asserted works were infringed by designs uploaded by third-party users to the Teespring website. Compl. ¶¶ 5-32. Although these allegedly infringing designs were created and submitted to the Teespring service by third-party users and not by Teespring, Plaintiffs have sued Teespring because it is the host of the online service and allegedly fulfilled any product orders placed by users. At least one of the plaintiffs, and potentially more, is a user of the Teespring service and has previously agreed to be bound by the applicable Teespring Terms of Service, pursuant to which they waived any claims of infringement against Teespring. *See* Teespring Terms of Service.

### C.     Prior Proceedings in the Central District of California

Plaintiffs originally filed suit against Teespring in the Central District of California. On January 25, 2019, Teespring moved to sever all but the first-named plaintiff (Diane Blackman) from this action for improper joinder. *See* Dkt No. 11. Contemporaneously, Teespring moved to dismiss the action for improper venue because Teespring is not a resident of the Central District of California, or, in the alternative, to transfer venue to the Northern District of California. *Id.*

On March 19, 2019, the District Court for the Central District of California granted Teespring's motion for improper venue and transferred the action to this Court. *See* Dkt. No. 23. In light of its order granting the motion for improper venue, the court denied Teespring's motion to sever without prejudice so that Teespring could renew its motion in this Court after transfer. *Id.*

### III.   THE MOTION TO SEVER SHOULD BE GRANTED BECAUSE PLAINTIFFS' SEPARATE CLAIMS DO NOT ARISE FROM THE SAME TRANSACTION OR OCCURRENCE

Multiple plaintiffs may not join their claims in a single action unless they assert a "right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and there is a "question of law

or fact common to all plaintiffs." Fed. R. Civ. P. 20(a). Where these two requirements are not satisfied, the misjoined parties should be severed from the action. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). And even where these two requirements are satisfied, the Court still "must examine whether permissive joinder would comport with the principles of fundamental fairness or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). Here, the Complaint violates the Federal Rules by attempting to join the claims of twenty-eight separate plaintiffs who have no connection to the same transaction or occurrence.

Even if they had attempted to do so, Plaintiffs could not make the required showing that joinder is proper here because the single transaction requirement "is not met where plaintiffs would have to prove their claims ... on an individualized basis." *Corley v. Google, Inc.*, 316 F.R.D. 277, 283-87 (N.D. Cal. 2016) (severing claims of plaintiffs alleging Google systematically violated the Wiretap Act by intercepting and scanning their emails); *Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-cv-04984-JST, 2017 U.S. Dist. LEXIS 102382, at *8-11 (N.D. Cal. June 30, 2017) (severing claims of plaintiffs "for the same reasons that class certification was not proper": "there are important, individualized questions that must be answered about Plaintiffs' separate claims").

In this action, every one of the Plaintiffs would have to separately and individually prove each element of the cause of action for copyright infringement: (i) the plaintiff's ownership of a valid copyright, (ii) the defendant's access to the copyrighted work, (iii) substantial similarity between the copyrighted work and the accused work, and (iv) actual damages or entitlement to statutory damages. *See Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006). The evidence needed to prove each of these elements will be different for every one of the twenty-eight plaintiffs because they each assert different infringements of different copyrights in different transactions.

In addition, a review of the asserted works in this action and the lack of factual allegations to support Plaintiffs' claims reveal that most if not all of the claims asserted by Plaintiffs will turn on unique issues that vary among the different plaintiffs, who include

eighteen non-U.S. residents asserting unregistered works. These issues, which cannot be addressed efficiently in a single consolidated action, include the following dispositive issues:

- Whether a plaintiff's asserted work qualifies as an original work of authorship sufficient to satisfy the requirements for copyrightability;
- Whether a plaintiff's asserted work is a derivative work not entitled to protection because it was created without authorization from the original copyright owner;
- Whether a plaintiff's asserted work was first published in the United States and subject to registration requirements in the U.S.;
- Whether a plaintiff's asserted works are subject to an international treaty;
- Whether a plaintiff's asserted works are a work of joint authorship;
- Whether a plaintiff has registered the asserted works with the Copyright Office;
- Whether a plaintiff's registration application has been rejected;
- Whether a plaintiff has agreed to be bound by the Teespring Terms of Service and waived claims of infringement against Teespring;
- Whether any of the asserted works were uploaded to the Teespring site by one of the plaintiffs themselves;
- Whether the printing of any products from the Teespring site was done at the direction of a plaintiff or another authorized person;
- Whether a plaintiff's asserted work was uploaded to the Teespring service by a third party with a license or other right to do so;
- Whether a plaintiff's asserted works were removed from the Teespring service prior to the printing of any tangible products;
- Whether a plaintiff is estopped by failing to send Teespring a timely takedown request to prevent infringement after noticing a work had been uploaded to the Teespring site by a third-party user;
- Whether a plaintiff can satisfy the statutory prerequisite for statutory damages;
- Whether a plaintiff can prove actual damages and the measure of actual damages; and

- Whether or not the frivolousness of any one claim or defense of a claim will warrant an award of attorney's fees under 17 U.S.C. § 505 to the party that prevails on that claim.

In light of the predominance, if not complete dominance, of individual issues in Plaintiffs' claims, joinder of the Plaintiffs in a single action is not proper.

## IV. CONCLUSION

For the foregoing reasons, all plaintiffs except for plaintiff Diane Blackman, the first-named plaintiff, should be severed from this action.

Dated: April 2, 2019

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Anthony J Weibell
        Anthony J Weibell

Attorneys for Defendant
TEESPRING, INC.